UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

VANCE ROBERT SCHUSTER,

          Debtor.

Case No. 08-20892

Chapter 13

---

MEMORANDUM DECISION ON DEBTOR'S MOTION FOR ENLARGEMENT
OF TIME IN WHICH DEBTOR MAY FILE PROOF OF CLAIM

---

This matter came before the Court on the debtor's motion for enlargement of time in which to file a proof of claim, to which the chapter 13 trustee filed an objection. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, this decision constitutes the Court's findings of facts and conclusions of law. For the reasons stated below, the debtor's motion is denied.

BACKGROUND

On February 4, 2008, the debtor filed his chapter 13 petition. The meeting of creditors was scheduled for March 6, 2008. Accordingly, the claims bar date for non-governmental unit creditors was June 4, 2008. The debtor's amended plan was confirmed on July 3, 2008, and provided for not less than one percent on unsecured claims.[1] Modifications irrelevant to the issue at hand were made to the plan postconfirmation, and those plan modifications were confirmed on July 30, 2009.

Well after filing, the debtor received a letter dated February 20, 2009, and an invoice

---

[1] At the April 6, 2010, hearing, the trustee stated the approximate payout to general unsecured creditors was projected to be 16 percent.

from Appliance World, stating that he owed $1,328.45. On April 23, 2009, the debtor amended Schedule F and listed two additional creditors, Appliance World and North Shore Marina, LLC.[2] On May 26, 2009, Appliance World Inc. filed a claim in the amount of $1,328.45, for an electric range, front load washer and electric dryer sold to the debtor on March 3, 2007. After the trustee filed an objection to the claim of Appliance World as untimely-filed, the debtor filed a motion to for enlargement of time in which he may file a proof of claim.[3] On March 8, 2010, this Court sustained the trustee's objection and disallowed Appliance World's claim in its entirety because it was not timely filed.

On April 6, 2010, the Court held an evidentiary hearing on the debtor's motion to extend the time for the debtor to file a proof of claim on behalf of Appliance World. At that hearing the debtor testified that he did not list Appliance World as a creditor because he forgot all about it. Although he purchased the appliances in March 2007, he did not receive a billing statement until February 2009. When asked by the Court whether or not he realized he had appliances[4] for which he never paid for, the debtor stated he "just didn't really pay attention because [he was]

---

[2]The debtor's motion to extend time to file proof of claim did not reference North Shore Marina, LLC/Ken's Marina. And North Shore Marina was not on the debtor's original schedules and did not receive notice of the bankruptcy case in time to file a proof of claim or oppose confirmation of the plan. The Amended Schedule F indicates neither the date North Shore Marina's claim was incurred nor consideration for the claim. Likewise, the evidentiary hearing elicited no testimony regarding this claim. Nevertheless, the analysis in this decision would likely apply to North Shore Marina, as well.

[3]The debtor's motion sought an extension of the time to file *proofs* of claim, but the motion only referred to one claim, that of Appliance World.

[4]The Court actually asked the debtor about a refrigerator purchased from Appliance World, when in fact the invoice only included a range, washer and dryer. However, neither the debtor nor his counsel corrected the Court's misstatement.

2

always busy." (Transcript 4/6/2010, p. 8, ll. 21-25). The debtor, who owns a duplex, remembered picking up the appliances from Appliance World, but he did not recall making arrangements for payment of the merchandise because he "was expecting a bill each month to make some kind of payments to pay the whole thing off." (Transcript 4/6/2010, p. 9-10). On the other hand, he remembered and listed other debts on his schedules because he "was getting something in the mail saying [he] had to pay" those obligations. (Transcript 4/6/2010, p. 10, ll. 20-21).

The Court took the matter under advisement and the parties were given an opportunity to file additional authority in support of their respective positions.

ARGUMENT

At the hearing, debtor's counsel argued *In re Dix*, 95 B.R. 134 (B.A.P. 9th Cir. 1988),[5] liberally construed the concept of excusable neglect with respect to giving the debtor an extension of time to file proofs of claim. There would be no detriment to interested parties by allowing the claim because the plan was only paying secured creditors at the time of the motion. Debtor's counsel also provided a list of additional cases in support of his position.[6] *See, e.g., In*

---

[5]The debtor's reliance on *Dix* is misplaced. In that case, the *creditor* filed a motion for extension of time in which to file a proof of claim in a *chapter 11* case under Rule *3003*.

[6]Debtor's counsel also stated at the March 8, 2010, hearing on the trustee's objection to the late claim filed by Appliance World that one of this Court's colleagues had recently ruled favorably on this issue in another case, when in fact counsel's motions to extend the time to file claims in other cases have not been contested. The assertion made by debtor's counsel regarding cases throughout the country supporting his position was also overstated, almost to the point of being misleading. All of the cases cited are distinguishable on the facts or law and merely provide dicta in support of the debtor's position. None ended in a result that is consistent with what the debtor wants to do here. *See, e.g.*, *In re Hogan*, 346 B.R. 715 (Bankr. N.D. Tex. 2006) (court had no discretion to allow *secured creditor's* late-filed claim over trustee's objection); *In re Yelverton*, 2006 Bankr. LEXIS 3560, 2006 WL 3804680 (Bankr. D. D.C. Dec. 22, 2006)

3

*re Moore*, 247 B.R. 677 (Bankr. W.D. Mich. 2000).

The trustee opposed the motion, arguing the debtor should not be able to force the creditor to participate in a plan to which it never had the opportunity to object. *See In re Fugate*, 286 B.R. 778, 779 (Bankr. N.D. Cal. 2002). The trustee also argued the debtor failed to establish excusable neglect under the standard set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

## DISCUSSION

Section 501(c) of the Bankruptcy Code provides: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c). The procedure for such filing is provided for in the Bankruptcy Rules. Rule 3004 provides, in part: "If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or Rule 3003(c), whichever is applicable." Fed. R. Bankr. P. 3004. Rule 3002(c) governs the filing of claims by creditors in chapter 13 cases. No claim was filed by the creditor within 90 days after the first date set for the meeting of

---

(*creditor*, not debtor, filed motion to allow filing of late proof of claim); *In re Woods*, 316 B.R. 522 (Bankr. N.D. Ill. 2004) (creditors to whom debtor became indebted to *postpetition* could file claim at any time); *In re Hernandez*, 2004 Bankr. LEXIS 378, 2004 WL 962208 (Bankr. S.D. Fla. March 17, 2004) (*creditor's* untimely claim disallowed); *In re Hill*, 286 B.R. 612 (Bankr. E.D. Pa. 2002) (debtor's objection to *creditor's* untimely claim sustained); *In re Townsville*, 268 B.R. 95 (Bankr. E.D. Pa. 2001) (creditor's objection to debtor's claim filed on former's behalf sustained; *debtor never sought extension* of time to file late claim); *In re Macias*, 195 B.R. 659 (Bankr. W.D. Tex. 1996) (*creditor* filed untimely proof of claim); *Cf. In re Branch*, 228 B.R. 831, 834 (Bankr. W.D. Va. 1998) (debtor not allowed to file late proof of claim on behalf of *creditor which had notice* of claims bar date; no showing of excusable neglect). Debtor's counsel was aware the issue was whether the debtor could file a proof of claim after the time under Rule 3004 expired, and directing the court to read a lot of inapplicable cases without acknowledgment that other rules were determinative is not appreciated.

4

creditors, and none of the statutory exceptions to late claims is applicable. *See* Fed. R. Bankr. P. 3002(c). The debtor now seeks to file a claim on behalf of the creditor; however, this claim, if allowed, will not be filed within the time limits of Rule 3004.

A strict application of the Rule 3004 deadline is mitigated through the use of Rule 9006, whereby debtors or trustees can extend the time allowed to file claims. Rule 9006(b) allows courts to extend the bar date for certain actions required by the Rules, including the filing of claims by the debtor or trustee on behalf of the creditor.

Rule 9006(b) provides, in part:

> (b) Enlargement.
> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
> (2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.
> (3) Enlargement Governed by Other Rules. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules.   . . .

Fed. R. Bankr. P. 9006(b).

Rule 3004 is not one of the rules listed under the "enlargement not permitted" or "enlargement governed by other rules" exceptions to Rule 9006(b). *See* Fed. R. Bankr. P. 9006(b)(2), (3). Thus, if a debtor or trustee fails to file a claim for a creditor within the time provided by Rule 3004, under a literal reading of the Rules, they may request an extension after the fact, if the debtor or trustee can establish cause and demonstrate excusable neglect. Fed. R. Bankr. P. 9006(b)(1). This means that creditors may be subject to an iron clad cutoff date for

5

filing proofs of claim in a chapter 13 case, but the debtor and trustee are not. The debtor in this case has filed such a motion.

As one court noted, "one of the principal reasons debtors were given the right to file claims on behalf of creditors was not for the benefit of creditors, but more for the protection of debtors." *In re Ford*, 205 B.R. 960, 966 (Bankr. N.D. Ala. 1996). But this protection only goes so far. Even if the debtor had established that the untimely filing of the claim on behalf of Appliance World was the result of his excusable neglect, allowing the claim would not be the end of the story.

Obviously, the debtor's goal is to obtain the discharge of his indebtedness to the previously unscheduled creditor.[7] As stated by one bankruptcy court – ironically, in a case cited by the debtor in support of his position – the debtor's "goal cannot, however, be achieved at the price of the creditors' due process rights." *In re Plummer*, 378 B.R. 569, 572 (Bankr. C.D. Ill. 2007). In *Plummer*, the debtors sought to extend the claims bar date in order to give the omitted creditors an opportunity to file claims and to modify their confirmed plan to provide for such claims. The court found the debtors were entitled to amend their schedules pursuant to Rule 1009(a) to include the omitted creditors. The court went on, however, to point out that such an exercise was virtually meaningless because a chapter 13 discharge extends only to "debts provided for by the plan." *Id*. (citing 11 U.S.C. § 1328(a)). The unscheduled debts were not discharged upon the completion of plan payments because such debts were not provided for by the plan. *Id*. The *Plummer* court also rejected the debtors' request to modify their chapter 13

---

[7]At the hearing the debtor admitted the purpose of amending his schedules was because he "wanted [the debt] to be wiped off basically." (Transcript 4/6/2010, p. 7, l. 25).

plan to provide for payment to the added creditors, noting that modifications under section 1329(a) are not limitless. *Id.* at 574. Only the enumerated subsections justify amendments. Section 1329(a) does not permit postconfirmation amendments to chapter 13 plans to add omitted creditors, nor was any other section implicated. *Id*. at 575.

At least one court opined that a plan could provide for omitted creditors. *In re Moore*, 247 B.R. 677 (Bankr. W.D. Mich. 2000). If this debtor's plan were construed to permit payment of the omitted creditor – although the issue is not really addressed in this plan – the debtor's late filing of the creditor's claim is still a relatively futile act. A chapter 13 discharge extends only to "debts provided for by the plan . . . except any debt . . . of the kind specified in . . . paragraph . . . (3) . . . of section 523(a)." 11 U.S.C. § 1328(a)(2). Exceptions to chapter 13 discharges include debts "neither listed nor scheduled . . . in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing." 11 U.S.C. § 523(a)(3)(A). Providing for omitted creditors in the plan after the claims bar date will not change the nature of the debts from the kind specified in section 523(a)(3). The debts are still neither listed nor scheduled in time to permit the timely filing of the proofs of claim. Therefore, any amounts still due and owing to omitted creditors upon the debtor's chapter 13 discharge will remain nondischargeable. *Cf. In re Hamilton*, 179 B.R. 749, 755-56 (Bankr. S.D. Ga. 1995) (finding creditor could pursue any deficiency post-discharge if debt is deemed nondischargeable under section 523(a)(8)). Accordingly, this Court respectfully disagrees with the footnote in the *Moore* decision, which stated "[i]t is possible that an omitted creditor who declines to file a late proof of claim after receiving notice of the bankruptcy might still be subject to the Section 1328 discharge under a plan which provides for any creditor who has filed an

7

allowed claim." 247 B.R. at 686 n. 8. The Bankruptcy Code clearly does not subject an omitted creditor to the chapter 13 discharge. 11 U.S.C. §§ 1328(a)(2), 523(a)(3).

Assuming, then, that the debtor can add a creditor and provide for payment, none of the cases cited by the debtor actually allowed it. This Court has likewise been unable to find a case permitting the debtor to file a proof of claim on behalf of a creditor after the time expires under Rule 3004 and the debtor seeks to enlarge the time under Rule 9006. Nevertheless, various courts have pointed out that this might be an option if the debtor could prove excusable neglect, so I will address that issue.

The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (involving a creditor attempting to file a late proof of claim; Rule 9006(b)(1) applied because it was a chapter 11 case, and the bar date was governed by Rule 3003 rather than Rule 3002); *see Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (concluding that Supreme Court's definition of "excusable neglect" applies "throughout the federal procedural domain"). Specifically, a court assessing whether to grant a motion under Rule 9006(b) to have a late-filed proof of claim deemed timely must evaluate (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Clearly, there is no danger of prejudice to the debtor in this case, and the debtor urges the court to allow it. The length of the delay after discovery of the debt was not long, and unsecured

8

Case 08-20892-mdm    Doc 90    Filed 05/12/10    Page 8 of 9

creditors were not being paid during that time, so there is no consequence to the omitted creditor. There was no clear cut evidence that the debtor's failure to list the creditor was due to bad faith, but the reason for the delay is a poor one. The debtor purchased the subject appliances less than one year before he filed his bankruptcy case, and not receiving an invoice is an insufficient excuse for failing to remember to list the creditor on his bankruptcy schedules. Appliances of this size are hard to miss, and sooner or later the debtor should have awakened to the fact that he never paid for them. Even if they were in his rental unit, he had to be aware of their existence and lack of impact on his expenses.

Because the debtor failed to establish the untimely filing of the claim on behalf of Appliance World was the result of his excusable neglect, his motion for enlargement of time in which he may file a proof claim on its behalf is denied. A separate order consistent with this decision will be entered.

May 12, 2010

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court

9